UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
BARBARA SEULING,

Plaintiff,

-against-

LIBERTY MUTUAL INSURANCE
COMPANY,

Defendant.
----------------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _8-28-13_

12 Civ. 6582 (PKC)

MEMORANDUM
AND ORDER

P. KEVIN CASTEL, District Judge:

       Plaintiff Barbara Seuling asserts that defendant Liberty Mutual Insurance Company ("Liberty Mutual") has unlawfully refused to forward payment of $100,000 that she allegedly is owed in exchange for releasing all claims arising out of an automobile accident in which she was injured. Liberty Mutual has filed a motion to dismiss pursuant to Rule 12(b)(7), Fed. R. Civ. P., asserting that the plaintiff failed to join a necessary and indispensible party. (Docket # 26.) This purportedly necessary party, the law firm of Metnick & Levy, P.A. (the "Metnick Firm") has asserted an attorneys' fees lien on the $100,000 sum, and also is an adverse party to Seuling in two separate, ongoing litigations. Separately, plaintiff Barbara Seuling moves for summary judgment pursuant to Rule 56, Fed. R. Civ. P. (Docket # 20.) Discovery in this case is complete. (See Docket # 18.)

       For the reasons explained, the defendant's motion is granted and the plaintiff's motion is denied.

BACKGROUND.

     A. <u>Plaintiff's Accident, Her Retention of the Metnick Firm and Her Release of Claims.</u>

On May 7, 2010, plaintiff was involved in an automobile accident while vacationing in Vermont. (Seuling Aff't ¶ 3.) Plaintiff asserts that the accident caused multiple spinal fractures and that she now has difficulty walking. (Seuling Aff't ¶ 4.) The driver of the other vehicle, non-party Lisa M. Braman, was insured by defendant Liberty Mutual. (See, e.g., Pl. Ex. E.) To a significant extent, the parties' motions turn on the subsequent actions of the Metnick Firm.

According to Seuling, while she was recovering from her accident in an Albany hospital, she was contacted by the Metnick Firm, which is based in Florida. (Seuling Aff't ¶ 5.) Plaintiff signed a retainer agreement with the Metnick Firm, although she now asserts that she did not understand its terms due to her pain medication. (Seuling Aff't ¶¶ 7-8; Def. Mem. Ex. A.) Plaintiff states that she never had direct communications with any attorney at the Metnick Firm and has not been told what services it provided, if any. (Seuling Aff't ¶ 9.)

Plaintiff thereafter received a letter from a secretary at the Metnick Firm dated September 17, 2010, stating that "we have settled your case for the amount of $100,000. Enclosed please find a release which requires your signature in the presence of a notary public." (Seuling Aff't ¶ 10 & Pl. Ex. O.) The Metnick Firm commenced no litigation plaintiff's behalf.

Plaintiff asserts that she and the Metnick Firm never discussed releasing claims arising out of the Vermont auto accident. (Seuling Aff't ¶ 11.) Plaintiff states that she did not approve the settlement, never signed the settlement authorization presented by the Metnick Firm, and told a Metnick Firm paralegal that she rejected the settlement. (Seuling Aff't ¶ 13.)

Thereafter, on April 8, 2011, plaintiff terminated the services of the Metnick Firm.  (Seuling Aff't ¶ 14 & Pl. Ex. Q.)

On June 15, 2011, however, plaintiff signed the "Release and Settlement of Claim Form" (the "Release") which stated that in exchange for consideration of $100,000 to be paid by Liberty Mutual, Seuling would release Lisa Braman and Liberty Mutual from all claims and damages arising out of the Vermont auto accident.  (Pl. Ex. H.)

B.  Subsequent Disputes Concerning the Metnick Firm and the Release.

After its termination, the Metnick Firm commenced an action against Seuling, her current attorney Anthony J. Pirrotti, and Liberty Mutual in the state of Florida, seeking recovery of unpaid legal fees. [1]  (See Metnick & Levy, P.A. v. Seuling, et al., No. 502011CA011719, Fla. Cir. Ct. Palm Beach Cnty.; Seuling Aff't ¶ 16; Brescia Dec. ¶ 5; Pl. Ex. G.)  The trial court dismissed that action on venue grounds but did not address the merits; its dismissal is currently on appeal.  (Brescia Dec. ¶ 5; Def. Ex. C.)

Shortly after the Florida action was filed, the plaintiff in this action and her current attorney, Pirrotti, commenced an action as co-plaintiffs against the Metnick Firm and Kenneth Metnick, Esq. in New York Supreme Court, Westchester County.  (Seuling, et al. v. Metnick et al., No. 54254/11, N.Y. Sup. Ct. Westchester Cnty.;  Def. Ex. D.)  They sought a declaratory judgment that Seuling did not breach the retainer agreement and does not owe the Metnick Firm more than the value of work performed.  (Id.)  In the Westchester action, they also

---

[1] The caption in the Florida Action names as a defendant Liberty Mutual Fire Insurance Company; here, defendant is identified as Liberty Mutual Insurance Company.  Although they are identified by different names, Liberty Mutual describes itself as a defendant in the Florida action.  The text of the Release also identifies Liberty Mutual as Liberty Mutual Fire Insurance Company.  (Pl. Ex. H.)  There is no assertion that the Liberty Mutual named as a defendant in this case is a different entity than Liberty Mutual Fire Insurance Company.

Separately, the parties have submitted various court orders that were filed in the Florida case, but no copies of the pleadings or parties' submissions.  The date that the Florida action was commenced and its precise causes of action are unclear.

asserted a separate claim for malicious prosecution and abuse of process for commencing the

Florida action. (Id.) In its decision on a motion to dismiss by the Metnick defendants, the court

observed, among other things:

> [T]here are numerous questions not the least of which are in which
> State was the Retainer Agreement entered into, which State's law
> applies and whether Seuling breached the Retainer Agreement –
> under whatever the applicable law is – by refusing to accept the
> settlement and which court has jurisdiction over all the parties.
> Accordingly, the motion to dismiss for lack of jurisdiction is
> denied.

(Id.) The court stayed the action, "pending a final determination of the Florida action." (Id.)

The Mitnick Firm has asserted a lien on the $100,000 payment from Liberty

Mutual to Seuling. According to Liberty Mutual, this lien prevents it from tendering payment to

Seuling. In a letter dated April 12, 2011, Kenneth Metnick, Esq. wrote to Katherine Roy, an

employee of the Liberty Mutual claims department, with the subject line "Barbara Seuling –

DOA: 5/7/10." (Brescia Dec. Ex. E.) The letter stated in full:

> Please be advised that this firm is asserting an attorney's lien in
> regards to the above-mentioned case.
>
> Metnick & Levy, P.A.'s name must be on the settlement check
> whenever you issue the check.
>
> Should you have any questions, please do not hesitate to contact
> our office.

(Brescia Dec. Ex. E.)

Pirrotti thereafter wrote Kenneth Metnick stating that, "[a]s an attorney admitted

to the New York Bar I am sure you understand that you do not have a lien on the proceeds of any

settlement, since the lien is contingent upon you filing a lawsuit. In the case of Barbara Seuling,

you did not. If anything, you may be entitled to a quantum meruit award." (Letter of Apr. 25,

2011, attached at Pl. Ex. F.) Pirrotti sent several additional letters to Liberty Mutual demanding

payment of the $100,000 and threatened litigation if payment was not forthcoming. (Pl. Exs. J, L-N.)

C. The Current Action.

Plaintiff commenced the present action against Liberty Mutual on August 28, 2012, seeking recovery of the $100,000, which, she asserts, is required by the terms of the Release. (Docket # 1.) Plaintiff claims that Liberty Mutual owes her $100,000, and that it has refused to pay her as required by the Release. (Am. Compl't ¶ 16-17.) She states that Liberty Mutual has no basis to refuse payment. (Am Compl't ¶ 17.) Plaintiff's claim appears to assert a breach of contract claim, and her second claim seeks attorneys' fees and interest. Significant portions of the Complaint are directed toward the conduct of the Metnick Firm. (Am. Compl't ¶¶ 18-29.)

DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(7) IS GRANTED.

Rule 12(b)(7) provides for the dismissal of a complaint for "failure to join a party under Rule 19." "Before dismissing a complaint under Rule 12(b)(7), a district court must determine whether the missing party is necessary within the meaning of Fed. R. Civ. P. 19." Johnson v. Smithsonian Inst., 189 F.3d 180, 188 (2d Cir. 1999). This, in turn, requires the application of a two-step test. See generally Viacom Int'l, Inc. v. Kearney, 212 F.3d 721, 724 (2d Cir. 2000) (Sotomayor, J.). First, a court determines whether a missing party is a necessary and indispensible party under Rule 19(a). Id. If the party is necessary, the court must then determine whether joinder of the absent party is feasible. Id. at 725. If joinder is not feasible, the court then proceeds to a Rule 19(b) analysis as to whether, in equity and good conscience, the action may proceed without the necessary party. Id.

Rule 19(a)(1) states that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: . . . (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

Liberty Mutual argues that until the rights of the Metnick Firm are finally adjudicated, Liberty Mutual risks incurring multiple obligations due to the Metnick Firm's claimed attorney's fees lien. As discussed, the dismissal of Metnick Firm's action against Seuling and her current attorney is currently under appeal in Florida state court, and plaintiff's own Westchester action against the Metnick Firm is currently stayed.

Plaintiff's action cannot be adjudicated without determining the rights of the Metnick Firm. A significant portion of plaintiff's Amended Complaint is directed toward the conduct of the Metnick Firm, the merits of its claimed lien and the ensuing litigations. (Am. Compl't ¶¶ 18-29.) The Seuling Affidavit is substantially focused on the Metnick Firm's conduct. (Seuling Aff't ¶¶ 5-16.) Plaintiff's summary judgment turns on the Metnick Firm's conduct and rights, including the validity of the Retainer Agreement, the relief to which the Metnick Firm may be entitled in its fees dispute, the precise services rendered by the Metnick Firm and the applicability of New York Judiciary Law § 475, which governs attorneys' fees liens in New York. (Pl. Mem. at 2-6, 11-12.) Plaintiff's theory seems to be that the Metnick Firm's assertions are so baseless on their face that Liberty Mutual has no barrier to paying her $100,000.

The rights of Seuling against Liberty Mutual cannot be adjudicated without adjudicating the validity of the Metnick Firm's lien. The Metnick Firm is therefore a necessary

party to this action.  Disposing of this action without the participation of the Metnick Firm would "impair or impede" the firm's ability to protect its interests, and, in the event that Liberty Mutual were obligated to forward $100,000 to Seuling, could subject Liberty Mutual to "a substantial risk of incurring double, multiple, or otherwise inconsistent obligations . . . ." Rule 19(a)(1)(B).

As noted, once a party is deemed necessary and indispensible, the Court next considers whether it is feasible to join the absent party.  Viacom, 212 F.3d at 725.  Defendant appears to believe that the Metnick Firm is not subject to personal jurisdiction in New York, and misinterprets the New York Supreme Court opinion as so holding.  (Def. Mem. at 8.)  In truth, the New York Supreme Court reached no such conclusion, and stayed plaintiffs' claims on prudential grounds; it merely raised a hypothetical question about personal jurisdiction.  (Def. Ex. D.)  The parties have not briefed personal jurisdiction over the Metnick Firm in meaningful detail, but based on the present record, it appears that the Metnick Firm actively solicited the business of plaintiff Seuling, a New York citizen, while she was present in New York; that the retention agreement was executed in New York; that non-attorney staff of the Metnick Firm directed communications and conferred with Seuling while she was in New York; and that Kenneth Metnick has claimed that he is licensed to practice law in New York.  At this juncture, joinder of the Metnick Firm appears to be feasible.  See, e.g., Liberatore v. Calvino, 293 A.D.2d 217 (1st Dep't 2002) (soliciting and representing New York client sufficient to establish personal jurisdiction over out-of-state law firm under CPLR 302(a)(1)); see also Fischberg v. Doucet, 38 A.D.3d 270, 272-74 (1st Dep't 2007) (out-of-state client who retained New York law firm for Oregon litigation falls within CPLR 302(a)(1) for purpose of attorneys' fee dispute).  Because joinder is feasible, the Court need not consider, pursuant to Rule 19(b), whether this action could proceed without the Metnick Firm.

Lastly, while there are two additional, potentially overlapping litigations pending in state tribunals, the pendency of actions in state court is not a bar to a parallel proceeding in federal court. See generally Woodford v. Community Action Agency of Greene Cnty., Inc., 239 F.3d 517, 522 (2d Cir. 2001). Defendants do not urge, for example, that the "exceptional circumstances" warranting Colorado River abstention apply, and the Court sees no basis to hold as much sua sponte. See id. at 522-26 (citing Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976)).

Liberty Mutual's motion to dismiss for failure to join the Metnick Firm is granted. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IS DENIED.

Because the defendant's Rule 12(b)(7) motion is granted, the Court need not address plaintiff's motion for summary judgment, which is denied. Additionally, the plaintiff's motion raises numerous questions of fact that are not amenable to disposition at the summary judgment stage, and, in her moving papers, fails to establish her entitlement to relief as a matter of law. Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004).

CONCLUSION

Defendant's motion to dismiss is GRANTED. (Docket # 26.) Plaintiff's motion for summary judgment is DENIED. (Docket # 20.) The Clerk is directed to terminate the motions.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       August 27, 2013